UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR,
Plaintiff,

CASE NO. C.A. 05-501S

V.

Correctional officer Woods; Correctional officer Oliver; LT. William Galligan; LT. Doyle; Captain Arnold Anderson; Deputy warden Donna Collins; Warden James Weeden; Aaron Aldench; Director Ashbel T. Wall; Attorney Patricia A. Coyne-Fague; Attorney Kathleen Kelly; Jake Gadsden, Assistant Director; Correctional officer Pierce; Correctional officer Blain; Correctional officer Calise; Rhode Island Dept of Corrections; Connecticut Dept of Corrections; Commissioner Theresa Lantz; Lynn Millings; Dennis Jones; John Does.
Defendants.

NOVEMBER 21, 2005

# CIVIL RIGHTS LAWSUIT COMPLAINT

## SECTION 1983 ; And Religious Freedom Restoration Act 42 U.S.C. § 2000 bb - 1(c);

## JURY TRIAL DEMANDED

## STATEMENT OF EXHAUSTION (PLRA)

The Plaintiff Thaddeus Taylor submits that he have infact exhausted all available remedies to the best of his knowledge and abilities inaccordance with the (PLRA).

This complaint covers the time-frame of October 1, 2005 through the present date November 21, 2005 and ongoing as to every claim.

* All DEFENDANTS ARE BEING SUED IN BOTH CAPACITIES -- OFFICIAL & INDIVIDUAL *

Parties (A) Plaintiff Thaddeus Taylor #128275 (RIDOC) #237855 (CTDOC)
Current Address: ACI-HSC P.O. BOX 8200 Cranston, RI 02920 is a Connecticut Resident and a Connecticut DOC inmate.

B) The Defendants: Woods, Oliver, Galligan, Doyle, Anderson, Aldrich Collins, Weeden, Wall, Coyne-Fague, Kelly, Gadsden, Pierce, Blain, Calise, RIDOC, and John Does. are residents of Rhode Island and employees of Rhode Island Dept. of Corrections (RIDOC) addressed RIDOC, 40 Howard Ave, Cranston, RI 02920

C) Defendants; Lantz, Milling, Jones, John Does are Employees of the Connecticut Dept of Corrections (CTDOC) addresses: CTDOC, 24 Wolcott Hill Rd, Wethersfield, CT 06109

(Plaintiff reserve the Right to file AMENDED Claims.. upon adequate access to legal files)

STATEMENT OF CLAIMS

I. This is a civil lawsuit brought by the plaintiff Thaddeus Taylor against the defendant(s) as a result of their knowingly and willfully violating the plaintiff's constitutional rights, due process of law, equal protection of law, denial of right to practice religious faith, denial of access to the courts. Among other things racial discrimination and retaliation for the plaintiff exercising his constitutional rights while housed at the High Security Facility-AMC

The issue(s) before the Court are whether or not the Plaintiff's Constitutional Rights were violated by the defendants actions occurring ostensibly under Color of STATE LAW; to wit the plaintiff Claims that the defendants did engage in RACIAL discrimination towards the plaintiff and maintained a policy and custom that allowed Prison officials and staff to engage in RACIAL Discrimatory Practices against minorities at the High Security Facility and throughout Rhode Island Dept. of Corrections; The defendant(s) also conspired to and did retaliate against the plaintiff as a result of him filing formal Complaints against them and Complaining about their misconducts The Plaintiff also claims the defendants denied him his right to Practice his religious faith; and confiscated his Religious items; to include his 'Prayer oils' as punishment and retaliatory acts The Plaintiff also claims that the defendants failed to create and maintain a baptist-Protestant religious Services at the High security Facility and Created Policy and Scheduled to which forced the plaintiff to choose to Practice his religious faith OR ACCESS to the Law Library to litigate his legal matters.

The Plaintiff Also Claims that the defendant(s) Systematically failed to properly

Investigate his Claims of RACIAL discriminatory Practices and STAFF Misconduct(s)... and failed to Correct the situation after being advised... they rather engaged in a Process to "Cover-up" the defendants misconducts by submiting false Reports and investigative Reports.

The Plaintiff Also Claims that the defendants also systematically discrimated, treated the Plaintiff and protective Custody inmates unequal as a result of their Classification as Protective Custody inmates solely to Punish the Plaintiff and Protective Custody inmates. The defendants further deprived the Plaintiff, as punishment, all the privileges that other Similar Classified inmates to "Category A" received at the Maximum Facility to include but Not limited to $65.00 store order, Programs, movies, vocational shops, weight lifting, use of the Big Yard for Softball and Adequate recreation space, safe housing and living Conditions.

The Plaintiff also claims that the defendants subjected him to "unnecessary risk of harm", denial of Adequate Access to his Legal Case files; denial of due process of Law and fair disciplinary hearings, The Plaintiff also Claims that the defendants failed to install fire safety sprinkler systems in the Facility and the Plaintiff (inmates) cells throughout the High security Facility and routinely failed to properly Maintain and repair the facility in which created dangerous living and hazardous living, that was Cruel and unusual

Punishment. The defendants, furthermore failed to adequately clean up the existing "mold" conditions in the High Security Facility and/or install proper ventilation systems throughout the facility. The Plaintiff also claims that the defendants failed to properly maintain the facilities plumbing problems, electric problems and Ant infestation problems in the Protective Custody unit -(A-mod) of the High Security facility and throughout the entire facility.- to which subjected the Plaintiff to unsafe, hazardous living conditions and death by fire (unnecessary Risk)

The Plaintiff further claims that the defendants deprived him of his constitutional Right to practice his religious faith while at the High Security facility in violation of the Religious Freedom Restoration Act (1993). Lastly, the Plaintiff claims that he was denied adequate 'hot meals' and proper daily portions for nutritious meals at the high security facility - and failed to create a system that ensured that the Plaintiff and protective custody inmates received well balance-nutritious Hot meals as recommend for adult males.

The Plaintiff Thaddeus Taylor claims that the defendants' actions caused him to suffer; pain and suffering, lost of familyties, lost of community ties, unable to adequately prepare for re-entry into soceity, lost of sleep, mental anguish, physical injuries, nightmares, fear, embarassment, humilation, lost of career, poor health, adverse legal decisions

denial of access of the Courts all inviolation of the plaintiff's Constitutional Rights under First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution as well inviolation of Rhode Island and Connecticut STATE Constitutions.. to which the Plaintiff seeks damages.

II. Jurisdiction

1. 28 USCA § 1332 Diversity of Citizenship 28 USC 1331, 1361;

2. Jurisdiction is found also under 42 U.S.C. section 1983; Section 1985(2) and 1985(3), ((Conspiracy));

3 Court's supplemental Jurisdiction over STATE LAW TORTS Claims under 28 U.S.C 1367.

4. Declaratory and further relief under 28 U.S.C 2201 and 2202; Rule 57 of the Federal Rules of civil procedures;

5. Costs, fees, Expenses and Attorney fees are Authorized under 42 USC section 1988,

6. Religious Freedom Restoration ACT (1993) 42 U.S.C. §-2000bb-1(c);

*Jury trial Demanded*

III. Fact(s):

7. On November 17, 2005 defendants Woods, Oliver, Gallgan, Collins allowed the Plaintiff cell to be serched and Subsequently allowed and/or did Confiscated the Plaintiff religious items, including prayer oils, Legal Case files, Personal Property as punishment and as retaliatory Acts because the Plaintiff excerised his Legal Rights

8. Between October 1, 2005 through November 21, 2005 and ongoing Defendants Woods, Oliver, Calise, Blain, Pierce Anderson, Galligan, Doyle, Collins, Weeden, and John Does ~~did systematically discriminate against the (Race)~~ Plaintiff by depriving him of privileges other White inmates were given -- to include their failure to assign the Plaintiff to a top teir Cell; Higher Paying Job assignments; harsher Disciplinary Sanctions; Seating for meals Arrangments, Class and program assigments. Defendants Wall, Lantz, Millings, Coyne Fague, Kelly, Alderich, Gadsden, John Does was advised but failed to Correct such

9. Between October 1, 2005 through November 21, 2005 and ongoing defendant Woods, Oliver, Calise, Blain, Pierce Anderson, Galligan, Doyle, Collins, Weeden, Alderich, Wal Gadsden and John Does did deprive the Plaintiff of his right to practice his Religious faith while at the High Security Facility and failed to create Policies that would allow the Plaintiff to practice his religious faith like other available religious at the High Security.

10. Defendants Coyne-Fague, Kelly, Lantz, Millings, were advised of the other defendants Actions in denying the Plaintiff his right to practice his religious faith however failed to Correct the situation furthermore they engaged in activities to protect, and Cover-up the other defendants mis conducts.

11. Between October 1, 2005 through November 21, 2005 and ongoing, the Plaintiff was placed in a Cell (A-7) in the A-module in which had Poor Ventilation,

inadequate ventilation, disrepaired wiring and plumbing and Ant infestestion that was not adequately addressed. Additionally, the cell lacked any fire safety Alarms, sprinklers inside the cell, or two way speaker outside the cell door as other cells had. The cell further did not have a stool inside it, like other cells Defendants Woods, oliver, Galligan, Collins, Wall, Anderson, Coyne-Fague, Kelly and John Does were advised but failed to correct the situation.

12. On November 17, 2005, defendants Woods, oliver, and Galligan Confiscated the Plaintiff's legal case files preventing him from Adequately litigating his Legal matters, Access to the Court and meet his Court deadlines inwhich result in the Plaintiff having adverse decisions rendered against him. Defendant Weeden, Collins, Coyne-Fague, Kelly, Wall, Anderson, Alderich, Lantz, Millings Jones were advised but they failed to Correct and stop this Actios

13 On November 17, 2005, defendant Woods Conducted a cell search of the Plaintiff's cell, along with defendant Galligan (as supervisor) and she destroyed the Plaintiff's Cell as a retaliatory Act, throwing all of his personal items, food items, clothing etc. and Legal work on the floor of the cell whereas "ants were able to get on/ into such. C/o woods and LT Galligan also Confiscated the Plaintiff's Personal Property as 'punishment' and Retaliatory Act(s). To include Confiscating the Plaintiff's "prayer oils", Religious items, Magazines, and other items that he legally possessed and was given to him by C/o Pierce.

14. Between October 1, 2005 through November 21, 2005 and ongoing, Defendants Woods, Pierce, Blain, Galligan, Doyle, Collins, Weeden, Wall, Coyne-Fague, Kelly, Gadsden, Alderich, Lantz, Millinger and John Doe did engage in and allow staff and other defendants to engage in harassment, retaliation against the plaintiff, allow threats, and attempted to set-up the plaintiff to be seriously Assaulted, given additional criminal Charges and engaged in retaliatory acts to get 'CTDOC' to keep the plaintiff incarcerated longer.. by subjecting the plaintiff to bogus 'disciplinary' reports and proceedings Excessive shakedowns of the plaintiff's cells, tampering ~~with the plaintiff outgoing and incoming U.S. mail~~ - making threats towards the plaintiff and depriving the plaintiff of his right to Access his personal property.

15. On November 18, 2005 defendants Woods, Oliver, and Galligan did deny the plaintiff the ability to receive his Commissary order.. to which included food items, stamps and envelopes, writing paper and personal Hygiene items:- as retaliation and harassment.. against the plaintiff for him filing formal complaints against them and other defendants. The defendants did such as harassment as they allowed other white inmates to receive their Commissary without question.

16. On November 15, 2005 defendant Galligan refused to allow the plaintiff to move to a top tier cell (the Best cells - no ants) in retaliation against the plaintiff for filing a formal Complaint of Racial Discrimination against him and others. Defendant Galligan Also deprived the plaintiff of Access to his personal property and legal case files.

17. Between October 1, 2005 and November 21, 2005, the defendants subjected the plaintiff to harsher penalties, and standards then they did with other white inmates as a result of the plaintiff Race: African American.

## IV Requested Relief

The plaintiff claims that, defendants Wall, Oliver, Galligan, Doyle, Anderson, Collins, Warden, Aldrich, Wall, [illegible] Kelly, Gadsden, Pierce, Blair, Calise, RIDOC, CTDOC, Lantz, Millings, Jones and John Doe did violate his Constitutional Protected Rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution and claims as causes of Action as to each claim to every named defendant as fully stated herein. Construing this entire complaint Liberally and seek Damages and Injunctive Relief:

1. Plaintiff requests Preliminary and Permanent Injunctive orders prohibiting the defendants from harassing, retaliating against, threating, or punishing the Plaintiff without Just Cause as a result of this action,
2. Declaratory order stating the Plaintiff's living conditions are unconstitutional and hazardous as a matter of Law. ORDER that Fire safety sprinklers systems be immediately install in the High Security Facility and All RIDOC facilities that house inmates in.
3. Grant Preliminary and Permanent Injunctive relief directing the defendants to give the Plaintiff full access to his Legal case files and access to the Courts
4. Grant Damages in the amount of $300,000.00 against the Defendants for Compensatory damages and 1 million for Punitive Damages and violations of (RFRA) provisions
5. Grant All costs of this action, Attorney fees, and expenses
6. Declare the current Policies and Procedures of RIDOC Racial Discriminatory practices and unconstitutional
7. Declare the policies of RIDOC violates the (RFRA) as a matter of Law.
8. Grant all further relief the Court deems Justified and necessary

I swear under Penalty of Perjury the above statements are true and correct to the best of my ability. [signature]

[signature]
Thaddeus Taylor #128275
ACI HSC
P.O. Box 8200
Cranston, RI 02920