UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR,** *pro se*

v.                                                                                          C.A. No. 05 - 501 S

**CORRECTIONAL OFFICER WOODS**, et al.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On December 1, 2005, Thaddeus Taylor ("plaintiff"), a Connecticut inmate confined at the Rhode Island Department of Corrections ("RIDOC"), filed a Complaint pursuant to 42 U.S.C. Section 1983 and named as defendants officials and employees at the RIDOC. Plaintiff thereafter filed three motions for preliminary injunctive relief pursuant to Fed.R.Civ.P. 65. These three motions for preliminary injunctive relief have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that all three motions for preliminary injunctive relief be denied as moot. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

### Discussion

On December 1, 2005, plaintiff, along with his Complaint, filed a motion for preliminary injunctive relief, alleging defendants Woods, Oliver and Galligan were harassing and discriminating against him. As relief, plaintiff sought an order from this Court prohibiting the RIDOC from

1

assigning defendants Wood, Oliver and Galligan from working in the plaintiff's confinement area.

On December 20, 2005, plaintiff filed his second motion for preliminary injunctive relief seeking an order directing the RIDOC to "immediately fix and/or install a new heating system" or, alternatively, to move him to a top tier. Additionally, plaintiff seeks access to his forty-five boxes of legal files, asserting that the access he has at the RIDOC is inadequate. Finally, in his second motion for injunctive relief, plaintiff seeks an order from this Court directing the RIDOC to hire a Baptist minister so that the plaintiff may participate in religious services.

On December 21, 2005, plaintiff filed his third motion for temporary injunctive relief. In his third motion, plaintiff alleges that defendant Collins harasses him and permits other correctional officers to harass him. As relief in his third motion, plaintiff seeks order which prohibits defendant Collins from being assigned to work in the facility where the plaintiff is confined.

Defendants filed an objection to the three motions. In the objection, they indicate that the plaintiff has been returned to the custody of the Connecticut Department of Corrections and is no longer confined at Rhode Island Department of Corrections. Accordingly, defendants contend that the instant motions for injunctive relief are moot. I agree.

Plaintiff's motions for injunctive relief pertain to the conditions he allegedly faced while confined at the RIDOC. Since he is no longer confined there, he no longer faces the conditions he alleges in his three motions for preliminary injunctive relief. Accordingly, plaintiff's three motions for injunctive relief are moot, and should be denied. See e.g. Martin-Trigona v. Shiff, 702 F.2d 380 386 (2nd Cir. 1983)("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). I so recommend.

## Conclusion

For the reasons state above, I recommend that plaintiff's three motions for preliminary injunctive relief be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986)(per curiam); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
February 16, 2006