UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR**, *pro se*

v. **C.A. No. 05- 501 S**

**CORRECTIONAL OFFICER WOODS,**
et al.

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on motion of the defendants for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff has opposed the motion. For the reasons set forth below, defendants' motion is **DENIED**.

**Background**

Plaintiff Thaddeus Taylor is a Connecticut inmate, recently incarcerated at the Rhode Island Department of Corrections ("RIDOC"). Plaintiff filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000bb-1.[1] The complaint names as defendants the RIDOC and seventeen of its officials or employees. In addition, plaintiff also names are four employees of the Connecticut Department of Corrections. Plaintiff alleges violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Plaintiff seeks injunctive relief, declaratory relief, and compensatory and punitive damages.

In the instant motion, defendants contend that plaintiff failed to allege specific acts by

[1] Plaintiff has made similar claims pursuant to 42 U.S.C. Section 1983. See Taylor v. Connecticut Department of Corrections, C.A. No. 05-118 T (D.R.I. September 21, 2005). Plaintiff has also filed numerous petitions for a writ of habeas corpus. See Taylor v. Collins, C.A. 05-265S (D.R.I. August 25, 2006); Taylor v. Collins, C.A. No. 05-278S (D.R.I. August 26, 2006); Taylor v. Wall, C.A. No. 05-406 S (D.R.I. March 29, 2006); Taylor v. Doyle, C.A. No. 05-407 S (D.R.I. March 31, 2006).

individual defendants, denying them adequate notice of the claims against them. Defendants further assert that they cannot determine the substance of two of the latter pages of the complaint because it is not legible. Plaintiff has opposed the motion.

**Discussion**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).

Rule (8)(a) of the Federal Rules of Civil Procedure requires only that a plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Because a complaint is a precursor to discovery, it need not state all the possible facts at issue. Arruda v. Sears, Roebuck & Co., 273 B.R. 332 (D.R.I. 2002). A plaintiff, however, cannot rely solely on "subjective characterizations or conclusory descriptions." Id. at 340. Only if a pleading is so vague and fails to meet the notice pleading standards of Rule 8(a) would the proper recourse be a motion for more definite statement. Id.

A defendant is entitled to a more definite statement when the complaint as framed denies the defendant the ability to properly respond. If the complaint fairly gives notice of the claim or claims asserted therein, a motion for definite statement must be denied. Oresman v. G.D. Searle & Co., 321 F.Supp 449, 458 (D.R.I. 1971), citing Schadler v. Reading Eagle Publications, Inc., 370 F.2d 795 (3rd Cir. 1967). Where the pleading is drafted in a manner that allows defendant to

"understand the nature and extent of the charges against him and to enable him to prepare generally for trial, if he wishes to secure more detailed information as to how the pleading party intends to prove his allegations he should not be permitted to utilize the motion for a more definite statement ... but should be compelled to look to the procedures for discovery under the (federal) rules, which provide for obtaining such details." Buck v. Keenan, 1 F.R.D. 558, 559 (D.R.I. 1941), citing Hughes Federal Practice, Vol. 17, § 20400, p. 464.

Here, defendants asserts that they can not determine the claims against specific named defendants or decipher the final two pages of plaintiff's complaint. However, in the "Fact(s)" section of the complaint, plaintiff identifies each claim against each defendant. The eleven numbered paragraphs in the " Fact(s)" section provide enough detail to place each defendant on notice as to the claims against him or her. And although the hand-written complaint submitted by the *pro se* plaintiff is challenging to read, it is not indecipherable. The notice-pleading requirements of Rule 8(a) have been met by the plaintiff.

**Conclusion**

Accordingly, defendants' motion for a more definite statement is **DENIED.**

Jacob Hagopian
Senior United States Magistrate Judge
April 11, 2006