**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,**
**Plaintiff,**

**v.** **C.A. No. 05-501 S**

**CORRECTIONAL OFFICER WOODS, CORRECTIONAL OFFICER OLIVER LT. WILIAM GALLIGAN, LT. DOYLE, CAPTAIN ARNOLD ANDERSON, DEPUTY WARDEN DONNA COLLINS, WARDEN JAMES WEEDEN, AARON ALDRICH, DIRECTOR ASHBEL T. WALL, ATTORNEY PATRICIA A. COYNE-FAGUE, ATTORNEY KATHLEEN KELLY, JAKE GADSDEN, ASSISTANT DIRECTOR, CORRECTIONAL OFFICER PIERCE, CORRECTIONAL OFFICER BLAIN, CORRECTIONAL OFFICER CALISE, RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, COMMISSIONER THERSA LANTZ, LYNN MILLINGS, DENNIS JONES, JOHN DOES**
**Defendants.**

**<u>OBJECTION TO MEMORANDUM AND ORDER</u>**

Now come the Defendants, Rhode Island Department of Corrections, Director Ashbel T. Wall, Assistant Director Jake Gadsden, Warden James Weeden, Deputy Warden Donna Collins, Aaron Aldrich, Captain Arnold Anderson, Lt. William Galligan, Lt. Doyle, Correctional Officer Woods, Correctional Officer Oliver, Correctional Officer Pierce, Correctional Officer Blain, Correctional Officer Calise, Attorney Patricia A. Coyne-Fague and Attorney Kathleen Kelly, ("Defendants"), and pursuant to Rule 72(a) and 28 U.S.C. § (b)(1)(A), hereby respectfully objects to the Memorandum and Order dated April 11, 2006 denying Defendants' Rule 12(e) Motion for a More Definite Statement. In support, Defendants submit the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that the Honorable Court sustain the Objection to the Memorandum and Order; reconsider and grant Defendants' Rule 12(e) Motion for a More Definite Statement, and grant such other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing Objection by first class mail, postage prepaid, on this 20th day of April, 2006 to the following:

**Thaddeus Taylor,** ***pro se***
Isaiah House
112 Clinton Avenue
Bridgeport, CT 06605

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,**
**Plaintiff,**

**v.** **C.A. No. 05-501 S**

**CORRECTIONAL OFFICER WOODS, CORRECTIONAL OFFICER OLIVER LT. WILIAM GALLIGAN, LT. DOYLE, CAPTAIN ARNOLD ANDERSON, DEPUTY WARDEN DONNA COLLINS, WARDEN JAMES WEEDEN, AARON ALDRICH, DIRECTOR ASHBEL T. WALL, ATTORNEY PATRICIA A. COYNE-FAGUE, ATTORNEY KATHLEEN KELLY, JAKE GADSDEN, ASSISTANT DIRECTOR, CORRECTIONAL OFFICER PIERCE, CORRECTIONAL OFFICER BLAIN, CORRECTIONAL OFFICER CALISE, RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, COMMISSIONER THERSA LANTZ, LYNN MILLINGS, DENNIS JONES, JOHN DOES**
**Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MEMORANDUM AND ORDER**

This Memorandum of Laws supports Defendants, Rhode Island Department of Corrections, Director Ashbel T. Wall, Assistant Director Jake Gadsden, Warden James Weeden, Deputy Warden Donna Collins, Aaron Aldrich, Captain Arnold Anderson, Lt. William Galligan, Lt. Doyle, Correctional Officer Woods, Correctional Officer Oliver, Correctional Officer Pierce, Correctional Officer Blain, Correctional Officer Calise, Attorney Patricia A. Coyne-Fague and Attorney Kathleen Kelly ("Defendants"), Objection to the Senior Magistrate Judge's Memorandum and Order dated April 11, 2006.

For the reasons set forth herein, Defendants respectfully request that the Honorable Court sustain the Objection to the Memorandum and Order; reconsider and grant Defendants' Rule

12(e) Motion for a More Definite Statement, and grant such other and further relief as justice may require.

**PLAINTIFF'S COMPLAINT**

Plaintiff Taylor is a sentenced Connecticut inmate who, until recently, was incarcerated within the RI DOC. Taylor has returned to the custody and control of the Connecticut DOC.

The pro se Complaint filed in this civil action is a ten (10) page, hand-written document. See copy attached. Respectfully, substantial portions of the Complaint, including but not limited to the last two pages (pages 9 and 10), are barely legible. Moreover, mindful of the notice pleading requirements and the fact that Taylor's pro se Complaint shall be fairly read and liberally construed, the undersigned Assistant Attorney General has great difficulty comprehending the Complaint and is unable to prepare a full and fair responsive pleading.

Taylor purports to sue sixteen (16) named RI DOC Defendants in both their official and individual capacities. Complaint at 1 and 2. He also names four (4) Connecticut DOC defendants. Id. Taylor alleges, inter alia, the violation of his constitutional rights, due process, equal protection, denial of right to practice religion, denial of access to courts, racial discrimination and retaliation, during the time frame October 1, 2005 through November 21, 2005, while incarcerated at the High Security Facility. Complaint at 2. He invokes the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution, the Religious Freedom Restoration Act and 42 U.S.C. § 1983. Id.

The Complaint, pages 3 to 5, appears to recites numerous claims against "the Defendants." Id. None of the sixteen RI DOC Defendants are specifically named therein. Thus, the unfortunate effect, whether intentional or not, is that the instant sixteen Defendants are left to guess at what is alleged against whom. In the alternative to a more definite statement,

Defendants could file perfunctory, general denials, or seek Plaintiff Taylor's reply to their answer. However, as argued below, both the letter and the spirit of the Rules of Civil Procedure require somewhat more of Taylor where he sues sixteen RI DOC Defendants in both their official and individual capacities alleging numerous constitutional and statutory violations.

The "Facts" section of the Complaint, pages 6 to 9, does aver some specifics. If these are the sum and substance of Taylor's allegations, then the sixteen Defendants should be so informed, and they shall be answered in accordance with the Rules of Civil Procedure. In passing, it appears that all sixteen RI DOC Defendants are not named on these pages; however, frankly, it is difficult to ascertain. Moreover, Complaint, pages 3 to 5, appear to recite numerous claims against "the Defendants," notwithstanding the fact that none of the sixteen RI DOC Defendants are specifically named therein. In addition, Defendants submit that portions of page 9 are illegible. The undersigned Assistant Attorney General has reviewed the file at the Court Clerk's Office, to no avail. Lastly, the Complaint's "Requested Relief," found at page 10, is also illegible. Respectfully, Defendants cannot be asked to respond to that which they cannot read and comprehend.

## THE MEMORANDUM AND ORDER

Defendants' Rule 12(e) Motion for a More Definite Statement was referred to the Senior Magistrate Judge. A Memorandum and Order ("M and O") issued on April 11, 2006 denied the Motion. The Court reasoned that "the eleven numbered paragraphs in the 'Fact(s)' section provide enough detail to place each defendant on notice as to the claims against him or her." M and O at 3. The Court further stated that "although the hand-written complaint submitted by the *pro se* plaintiff is challenging to read, it is not indecipherable." Thus, the Court ruled that the "notice-pleading requirements of Rule 8(a) have been met." Id.

**ARGUMENT**

Respectfully, Defendants would not dispute that a Rule 12 (e) Motion is an extraordinary pleading. The undersigned Assistant Attorney General can think of only one other occasion where he has filed such a motion in this Court. Nonetheless, given the instant *pro se* Complaint, a more definite statement is both necessary and proper.

Federal civil procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8 (a). Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957) has long stood for the proposition that a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Taylor's Complaint, however, is brought against sixteen RI DOC Defendants and alleges at least seven (7) constitutional claims. (See the detailed discussion, supra.) Defendants assert the right to fair notice of the grounds for Taylor's complaint as against each of them.

A motion for more definite statement is proper where a Complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. Rule 12 (e). In Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584 U.S. 1998), the U.S. Supreme Court discussed Rule 12 (e) and its motion for a more definite statement in the prison litigation context. There, the issue was the applicable evidentiary standard to prove improper motive and obtain money damages. In dicta, the high Court plainly recognized:

> When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjection to unnecessary and burdensome discovery or trial proceedings. The district judge has two primary options prior to permitting any discovery at all. First, the court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil procedure 7(a), or grant the defendant's motion for a more definite statement under Rule 12(e). Thus, the court may insist that the plaintiff "put forward specific, nonconclusory

> factual allegations" that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment. Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795, 114 L.Ed.2d 277 (1991) (KENNEDY, J. concurring in judgment.) Crawford-El, 523 U.S. at ___, 118 S.Ct. at 1596-97 (emphasis added).

Applying these teaching to the present civil action, given the nature of Plaintiff Taylor's broad brush averments, the sixteen RI DOC Defendants have the right to a "short and plain statement of the claim[s] showing that [Taylor] is entitled to relief," Fed. R. Civ. P. Rule 8 (a), and "fair notice of what [Taylor's] claim[s] [are] and the grounds upon which [they] rests." Conley v. Gibson, 355 U.S. at 47, 78 S. Ct. at 103.

Taylor alleges, among other things, the violation of his constitutional rights, due process, equal protection, denial of right to practice religion, denial of access to courts, racial discrimination and retaliation. Unfortunately, the Complaint's "Fact(s)" section, which the Senior Magistrate Judge would have Defendants utilize, fails to aver which alleged constitutional violations were caused by which Defendants.

## CONCLUSION

Respectfully, all Defendants seek is a clear understanding of who is being sued for what. For the reasons set forth, Defendants assert that a Motion for a More Definite Statement pursuant to Rule 12 (e) of the Federal Court Rules of Civil Procedure, is necessary and proper. Therefore, Defendants respectfully request that the Honorable Court sustain the Objection to the Memorandum and Order; reconsider and grant Defendants' Rule 12(e) Motion for a More Definite Statement, and grant such other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing Memorandum by first class mail, postage prepaid, on this 20th day of April, 2006 to the following:

**Thaddeus Taylor,** ***pro se***
Isaiah House
112 Clinton Avenue
Bridgeport, CT 06605