UNITE STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff,

v.

CASE NO. C.A. 05-501 S

MAY 12, 2006

CORRECTIONAL OFFICER WOODS, 90 Oliver, LT. William Galligan; LT. DOYLE; Captain Anderson; Deputy warden Donna Collins; warden James weeden; Aaron Alderich; Director Ashbel A. Wall; Attorney Patricia A. Coyne-Fague; Attorney Kathleen Kelly; Jake Gadsden-Assistant Director; Correctional officer Pierce; Correctional officer Blain; Correctional officer Calise; Rhode Island Dept. of Corrections; STATE of Rhode Island; Connecticut Dept. of Corrections; STATE of Connecticut; Commissioner Thersa Lantz; Lynn Millings; Dennis Jones and John Does,

Defendants.

AMENDED CIVIL RIGHTS LAWSUIT COMPLAINT--SECTION 1983 AND RELIGIOUS FREEDOM RESTORATION ACT 42 U.S.C. §2000bb-1(c)

Pursuant to the Court's order granting the defendant's motion for a more Definite Complaint-- the Plaintiff Thaddeus Taylor herein submits his AMENDED Complaint in full Compliance with this Honorable Court order.

STATEMENT OF EXHAUSTION (PLRA)

The Plaintiff Thaddeus Taylor submits that he have infact exhausted all available remedies to the best of his knowledge.

This Complaint Covers the time-frame of October 1, 2005 through the Present date November 21, 2005 and ongoing as to every claim.

* All DEFENDANTS ARE BEING SUED IN BOTH * Capacities OFFicial & Individual.

Parties (A) PLaintiff Thaddeus Taylor
353 ELm STREET
Windsor Locks, CT 06096
TEl. (860) 292-8711

Plaintiff Thaddeus Taylor is a STATE of Connecticut Resident.

B) Defendants: C/o Woods, C/o Oliver, LT. Galligan, LT. Doyle, Capt. Arnold Anderson, Alderich, Collins, Weeden, Wall, Coyne-Fague, Kelly, Gudsen, C/o Pierce, C/o Blain, C/o Calise, STATE of RI, RIDOC and John Does Are Residents of Rhode Island and employees of Rhode Island Department of Corrections / STATE of RI:

Rhode Island Dept. Of Corrections
40 Howard Ave
Cranston, RI 02920

C) Defendants: Lantz, Milling, Jones, STATE of CT, CTDOC and John Does are employees of the STATE of CT / CTDOC

Connecticut Dept. of Correction
24 Wolcott Hill Rd
Wethersfield, CT 06109

(1) I. This is a civil lawsuit brought by the Plaintiff Thaddeus Taylor against the defendant(s) (Woods, Oliver, Galligan, Doyle, Anderson, Collins, Weeden, Aldrich, Wall, Coyne Fague, Kelly, Gadsden, Pierce, Blain, Calise, RI, RIDOC and CTDOC, State of Connecticut, Lantz, Jones, Millings and John Does) as a result of their knowingly and willfully violating the plaintiff's Constitutional Rights, due process of law Equal Protection of law, Denial of Right to practice Religious faith, Denial of Access to the Court.

Among other things Racial Discrimination and retaliation for the plaintiff excerising his Constitutional Rights while housed at the High Security Facility and within RIDOC.

(2) The issue(s) before the Court are whether or not the plaintiff's constitutional Rights were violated by the defendants actions occurring ostensibly under color of State law; to wit the plaintiff claims that the defendants did engage in racial discrimination towards the plaintiff and maintained a policy and custom that allowed prison officials (the defendants as named in paragraph one above) to engage in racial discrimatory practices against minorities at the High Security Facility and throughout Rhode Island Dept. of Corrections.

The defendant(s) also conspired to and did retaliate against the plaintiff as a result of him filing formal complaints against them and complaining about their misconduct the plaintiff also claims the defendants denied him his right to practice his religious faith, and confiscated his religious items, to include his prayer oils as punishment and retaliatory acts. The plaintiff also claims that the defendants failed to create and maintain a Baptist-protestant religious services at the High Security Facility.. and created policy and scheduled to which forced the plaintiff to choose to practice his religious faith or access to the Law Library to litigate his legal matters.

The plaintiff also claims that the defendants systematically failed to properly investigate his claims of racial discrimatory practices and staff misconducts .. and failed to correct the situation after being advised.. they rather engaged in a process to "cover-up" the defendants' misconducts by submiting false reports and investigative reports.

The plaintiff also claims that the

defendants also systematically discriminated treated the plaintiff and protective custody inmates 'unequal' as a result of their classification as protective custody inmates solely to punish the plaintiff and protective custody inmates. The defendants further deprived the plaintiff, as punishment, all the privileges that other similiar classified inmates to "category A" received at the Maximum Facility, and other facilities to include but not limited to $65.00 store orders, programs, movies, vocational shops, weightlifting, use of the Big Yard for softball and adequate recreation space, safe housing and living conditions.

The plaintiff also claims that the defendants subjected him to unnecessary risk of harm, denial of due process of law and fair disciplinary hearings, the plaintiff also claims that the defendants failed to install fire safety sprinkler systems in the facility and the plaintiff (inmates) cells throughout the High security Facility and routinely failed to properly maintain and repair the facility inwhich created dangerous living and hazardous living inwhich amounted to cruel and unusual punishment.

The defendants furthermore failed to adequately clean up the existing "mold" conditions in the High Security Facility and/or install proper ventilation systems throughout the facility. The plaintiff also claims that the defendants failed to properly maintain the facilities plumbling problems, electric problems and ant infestations problems in the protective custody unit—(A-mod) of the High Security Facility and throughout the entire facility.. to which subjected the plaintiff to unsafe, hazardous living conditions and death by fire unnecessary Risk)

The plaintiff further claims that the defendants deprived him of his constitutional Right to practice his religious faith while at the High Security facility in violation of the Religious Freedom Restoration Act (1993). Lastly, the plaintiff claims that he was denied adequate "hot meals" and proper daily portions for nutritious meals at the high security facility.. and failed to create a system that ensured that the plaintiff and protective custody inmates received well balance-nutritious, hot meals as recommended for adult males.

The plaintiff Thaddeus Taylor claims that the defendants' actions caused

him to suffer, pain and suffering, lost of family ties, lost of community ties, unable to adequately prepare for re-entry into society, lost of sleep, mental anguish, physical injuries, nightmares, fear, embarassment, humilation, lost of career, poor health, adverse legal decisions, denial of access of the Courts all inviolation of the Plaintiff's Constitutional Rights under the First, Fourth, fifth, Sixth, Eighth and Fourteenth Amendents of the U.S. Constitution; as well inviolation of the Rhode Island and Connecticut STATE Constitutions... Religious Freedom Restoration Act -- all of which the plaintiff seeks damages.

II JURISDICTION

1. 28 USCA § 1332 Diversity of Citizenship, 28 USC 1331 and 1361;
2. Jurisdiction is found also under 42 U.S.C. Section 1983; Section 1985(2) and 1985(3); (Conspiracy);
3. Court's Supplemental Jurisdiction over STATE LAW TORTS Claims under 28 U.S.C 1367
4. Declaratory and further relief under 28 USC 2201 and 2202; Rule 57 of the Federal Rules of Civil Procedures;

5. Costs, fees, Expenses and attorney fees are Authorized under 42 USC section 1988,

6. Religious Freedom Restoration Act (1993) 42 U.S.C. § 2000 bb-1(c);

** Jury Trial Demanded **

III FACTS:

7. on November 17, 2005 defendants woods oliver, Galligan, Collins allowed the plaintiff's cell to be searched and subsequently allowed and/or did confiscated the plaintiff's religious items, including prayer oils, Legal case files, Personal property as punishment and as retaliatory acts because the plaintiff excerised his Constitutional Rights;

8. Between october 1, 2005 through November 21, 2005 and on going defendants woods, Olver, Calise, Blain, Anderson, Galligan, Doyle, Collins, weeden, and John Does did systematically discriminate against the plaintiff as a result of his (RACE) Afro American by depriving him of Privileges other white inmates were given.. to include but not limited to failure to assign the plaintiff to the top teir cells, higher paying Jobs assignments harsher disciplinary sanctions, seating for meals Classes and Programs assignments.

Defendant(s) Wall, Lantz, Millings, Coyne-Fague, Kelly, Alderich, Gadsden, John Does, STATE of Connecticut, Connecticut DOC, STATE of Rhode Island and RI-Dept. of Corrections were advised of the situation but failed to correct such.

9. Defendant(s) Rhode Island Dept. of Corrections, Wall, Weeden, Collins, Anderson, Galligan, Coyne-Fague, Kelly, Alderich, Gadsden and John does had a policy and custom that allowed them to engage in Racial Discriminatory practices towards minorities (All) (inmates and staff alike)... between October 1, 2000 through November 21, 2005 and ongoing

10. Between October 1, 2005 through November 21, 2005 and ongoing defendants Woods, Oliver, Calise, Blain, Pierce, Anderson, Galligan, Doyle, Collins, Weeden, Alderich, ~~[illegible]~~ Wall and John Does did deprive the plaintiff of his right to practice his religious faith like other available religious services at the High Security Facility.

11. Defendant(s) Coyne-Fague, Kelly, Lantz, Wall, Alderich, Millings were advised by the plaintiff in letters... of the other defendants actions in denying him his right to practice his religious faith, however failed to correct the situation; furthermore they engaged in actions to protect and cover-up the other defendants misconducts.

12. Between october 1, 2005 through November 21, 2005 and ongoing, the plaintiff was placed in a cell (A-7) by defendant(s) woods, Oliver, Blain, Calise, Galligan, Anderson, Collins, Weeden, Pierce, Doyle, Wall, Conye-Fague, Kelly and John Does, inwhich had poor ventilation, inadequate ventilation, 'Mold', disrepaired wiring and plumbing problems that allowed toliet water and waste to leak on the floors and inside the 'ducts' area, Ant infestation that was not adequately addressed. Additionally, the cell lacked any fire safety alarms or fire safety sprinkler systems inside the cells, nor did it have any two way speaker systems inside or outside the cells.. as did the other cells. The defendants further intentionally removed and/or failed to replace the stool in the cell.. and routinely failed to tour the cell to see if the plaintiff was alright.. as punishment. There also were no emergency medical buttons inside the cells.

13. On November 17, 2005, defendants woods, oliver, Pierce, Doyle, Galligan confiscated the plaintiff's legal case files preventing him from adequately litigating his legal matters, access to the court and meeting his court deadlines, inwhich resulted in the plaintiff having adverse decisions rendered against him.

Defendant(s) Weeden, Collins, Coyne-Fague, RI-DOC Kelly, Wall, Anderson, Alderich, Lantz, Millings, CT-DOC, Jones were advised but they failed to correct and stop this Action.

14. On November 17, 2005, defendant Woods conducted a cell search of the plaintiff cell (A-7), along with defendant Galligan (as supervisor) and did intentionally destroyed the plaintiff's cell as a retaliatory Act against him for filing formal Complaints against her and using the inmate grievance procedures, by throwing all the plaintiff's personal items, food items, clothing, and legal work on the floor of the cell whereas "ants" were able to get on/into such. C/O Woods and LT. Galligan also Confiscated the plaintiff's Personal Property as 'punishment' and Retaliatory Act(s).. to including Confiscating the plaintiff's prayer oils, Religious items, magazines and other items he legally possessed and was given by defendant Pierce.

15. Between October 1, 2005 through November 21, 2005, and ongoing, defendants Woods, Pierce, Blain, Galligan, Doyle, Collins, Weeden, Wall, Coyne-Fague, Kelly, Gadsen, Alderich, Lantz, Millings and John Doe did engage in and allowed staff to engage in

harassment, retaliation against the plaintiff, allow threats, and attempted to set-up the plaintiff to be seriously assaulted, given additional criminal charges and engaged in retaliatory Acts to get "CT-DOC" to keep the plaintiff incarcerated Longer - by subjecting the plaintiff to bogus disciplinary Reports and proceedings, Excessive shakedowns of the plaintiff and his cells tampering with the plaintiff's outgoing and incoming mail, making threats to do bodily harm to the plaintiff, and depriving the plaintiff of his Right to Access to the Courts and his personal property, including his Legal case files.

16. On November 18, 2005 defendants woods, oliver, and Galligan did deny the plaintiff the ability to receive his Commissary order(s) as a retaliatory action and harassment - towhich included food items, stamps and envelopes, writing paper, Personal Hygiene items.. These actions were done because the plaintiff excerised his legal rights to the inmate grievance process and formal Complaints against the ~~plaint.~~ Defendants and staff (RIDOC & CTDOC)

17. On November 15, 2005. defendant Galligan refused to allow the plaintiff to move to a top teir Cell (the best cells - no ants)

in retaliation against the plaintiff for filing formal Complaint(s) of Racial Discrimination against him and others. Defendant Galligan also deprived the plaintiff of access to his personal property and Legal case files as punishment.

18. Between October 1, 2005 and November 21, 2005 the defendant(s) woods, Pierce, Blain, Galligan, Doyle, Collins, Weeden, Wall, Coyne-Fague, Kelly, Gadsden, Alderich, Lantz, Millings and John Doe subjected the plaintiff to harsher penalties; and standards then they did with white inmates -- as a result of the plaintiff being Afro American

19. The Defendant(s) Wall, Coyne-Fague, Kelly, Lantz State of Rhode Island, Rhode Island Department of Corrections had a policy or custom that allowed Minorities to be discriminated against as a result of their race

## IV. First Cause of Action

20. ~~Defendant(s) woods~~,

Paragraphs 1 through 19 are hereby incorporated herein as fully Setforth.

21. Defendants woods, Oliver, Galligan, Doyle, Anderson, Collins, Weeden, Aldrich, Wall, Coyne-Fague, Kelly, Gadsden, Pierce, Blain, Calise, Rhode Island Department of Corrections, Connecticut Department of, Corrections, State-RI, State-CT,

Lantz, Millings, Jones and John Doe did knowingly and willfully engage in Racial Discriminatory practices toward the plaintiff. The plaintiff claims the defendants violated his Constitutional Rights, and equal protection of Laws 1st, 4th, 8th, 14th Amendments of the U.S. Constitution... to which the plaintiff seeks damages. Also in violation in STATE(S) LAW(S).

B. Second Cause of Action:

22. Paragraphs 1 thru 21 are hereby incorporated, herein as fully set forth.

23. The Plaintiff Claims that Defendants Woods, Oliver, Galligan, DOYLE, Anderson, Collins, Weeden, Aldrich, Wall, Coyne-Fague, Kelly, Gadsden, Pierce, Blain, Calise, Rhode Island Department of Corrections; Connecticut Department of Corrections, Lantz, Millings, Jones and John Doe did subject the plaintiff to cruel and unusual punishment by housing him in unsafe, unhealthy, hazardous living Conditions at the High Security Facility – RIDOC and failed to immediately correct the living Conditions. (to include but not limited no heat, poor ventilation, mold, Ant infestigation, inadequate plumbing and Electric maintance(s) of the building, contaminated water) in violation of the 1st, 5th, 8th, and 14th Amendments of the U.S. Constitution and STATE Law(s)

C. Third CAUSE of ACTION

24. Paragraphs 1 thru 23, herein are incorporated hereby As fully Setforth by reference.

25. The Plaintiff Claims that the defendants WALL, Coyne-Fague, Kelly, Alderich, STATE of RI, RI-Department of Corrections had a policy or custom that allowed STAFF and other defendants to systematically discriminate against Afro-American and minorities. White inmates were systematically given preferential treatment... The plaintiff also claims that the defendants had a policy and custom to 'cover-up' employees wrongdoings by falsifying Reports and legal documents, conducting incomplete and inadequate investigation(s) and engaging in Retaliation all in violation of the 1st, 5th, 8th, 12th, 14th Amendments of the U.S. Constitution and STATE(S) of RI and CT Laws, to which the plaintiff seeks damages.

D. Fourth Cause of Action

26. Paragraphs 1 thru 25, hereby are incorporated as fully setforth herein.

27. The Plaintiff Claims that Defendants Woods, Oliver, Galligan, Doyle, Anderson, Collins, Weeden, Aldrich, Wall, Coyne-Fague, Kelly, Gadsden, Pierce, Blain, Calise, RI-DOC, CT-DOC, STATE of RI, STATE of CT, Lantz, Millings, Jones and John Does did deprive him of Access to the Court(s) whereas he was unable to litigate his Legal matters, had case(s) dismissed and adverse decisions rendered against him in violation of the 1st, 4th, 5th, 6th, and 8th and 14th Amendments of the U.S. Constitution And denied him Adequate Access to his Legal case files and his Attorneys... to which the Plaintiff Seeks damages.

E. __FIFTH CAUSE OF ACTION:__

28. Paragraphs 1 thru 27 are hereby incorporated herein as fully set forth.

29. The Plaintiff Claims that defendants Woods, Pierce, Blain, Galligan, Doyle, Collins, Weeden, Wall, Coyne-Fague, Kelly, Gadsden, Alderich, Lantz, Millings, John Does deprived him of his right to practice his religious faith and failed to create and maintain a baptist or Protestant services at the High Security facility. The Plaintiff Claims he suffered injuries, lost his mother and seek damages as a result of the defendants Actions

All in violation of the 1st, 5th, 8th and 14th Amendents of the U.S. Constitution; And in violation of the Interstate Agreement on Detainers Act STATE LAW.

30. The Plaintiff Also Claims that the defendant(s) as stated in paragraph 29 also violated the plaintiff Rights under the Religious Freedom Restoration Act by depriving him of his right to Practice his Religious faith... to which the plaintiff seeks damages (while at the High Security Facility) The defendants had a Custom or policy to deny such.. to inmates.

SIXTH CAUSE OF ACTION:

31. Paragraphs 1 thru 30 are hereby incorporated as fully setforth herein.

32. The plaintiff Claims defendants Woods, OLIVER, Galligan, DOYLE, ANDERSON, COLLINS, WEEDEN, ALDRICH, WALL, COYNE-FAGUE, KELLY, Gadsden, Pierce, BLAIN, CALISE, Rhode Island Department of Corrections, CT-D.OC, Lantz, Millings, John Does and Jones did engage in Retaliatory Acts, harassment, threats, and otherwised Punished the plaintiff for excercising his Constitutional Rights to file formal Complaints. inmate grievances against them. in violation of the 1st, 4th, 5th, 6th, 8th, 14th Amendments of the U.S. Constitution.

## SEVENTH CAUSE OF ACTION

33. Paragraphs 1 Thru 32 are hereby incorporate by reference as fully set forth.

34. Plaintiff Claims defendants Woods, Oliver, Galligan, Doyle, Anderson, Collins, Weeden, Aldrich, Wall, Coyne-Fague, Kelly, Gadsden, Pierce, Blain, Calise, RI-DOC, Lantz, Millings, Jones, CT DOC and John Does Knowingly and willfully housed the Plaintiff in hazardous living conditions and building without fire sprinklers systems, or fire Alarms inside the Cells.. to which subjected the Plaintiff unnecessary risk of death.. in violation of the 1st, 4th, 5th, 8th and 14th Amendments to the U.S. Constitution to which the Plaintiff seeks damages.

## Prayer for Relief:

- Plaintiff seeks punitive damages against the defendants in the Amount of 2 million dollars
- Compensatory damages in the Amount of 1 million Against All defendants
- Declaratory order stating fire sprinklers systems must be installed in the High Security Facility

2006 JUN -1 P 3:00

FILED

Thaddeus Taylor
353 Elm Street, Windsor Locks CT 06096