**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,**
**Plaintiff,**

**v.** **C.A. No. 05-501 S**

**CORRECTIONAL OFFICER WOODS, CORRECTIONAL OFFICER OLIVER LT. WILIAM GALLIGAN, LT. DOYLE, CAPTAIN A. ANDERSON, DEPUTY WARDEN DONNA COLLINS, WARDEN JAMES WEEDEN, AARON ALDRICH, DIRECTOR ASHBEL T. WALL, ATTORNEY PATRICIA A. COYNE-FAGUE, ATTORNEY KATHLEEN KELLY, JAKE GADSDEN, ASSISTANT DIRECTOR, CORRECTIONAL OFFICER PIERCE, CORRECTIONAL OFFICER BLAIN, CORRECTIONAL OFFICER CALISE, RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, COMMISSIONER THERSA LANTZ, LYNN MILLINGS, DENNIS JONES, JOHN DOES**
**Defendants.**

**ANSWER**

Now come the Defendants, Rhode Island Department of Corrections ("RIDOC"), Director Ashbel T. Wall, Assistant Director Jake Gadsden, Warden James Weeden, Deputy Warden Donna Collins, Aaron Aldrich, Captain Arnold Anderson, Lt. William Galligan, Lt. Doyle, Correctional Officer Woods, Correctional Officer Oliver, Correctional Officer Pierce, Correctional Officer Blain, Correctional Officer Calise, Attorney Patricia A. Coyne-Fague and Attorney Kathleen Kelly, ("Defendants" or "State"), and hereby Answer the "Amended Civil Rights Lawsuit Complaint" ("Complaint") filed by the *pro se* Plaintiff, Thaddeus Taylor ("Plaintiff" or "Taylor"), as follows:

**Statement of Exhaustion**

Denied as to exhaustion and Plaintiff is left to his proof thereof.

Denied as to the alleged time frame (October 1, 2005 to November 21, 2005 and that the allegations of the Complaint are "ongoing."

Denied that the Defendants are proper party defendants in their individual capacities.

**Parties**

(A) Upon information and belief, admitted as to Plaintiff's residency and current address.

(B) Admitted generally; however, Defendants do not answer and deny the allegations as to any alleged "John Doe" defendants.

(C) Admitted, upon information and belief.

**I.** Denied as to any and all allegations and claims set forth in the Complaint, pages 3-7.

**II. Jurisdiction**

1. Denied as to jurisdiction and Plaintiff is left to his proof thereof.
2. Denied as to jurisdiction and Plaintiff is left to his proof thereof.
3. Denied as to supplemental jurisdiction and Plaintiff is left to his proof thereof.
4. Denied as to declaratory and further relief and Plaintiff is left to his proof thereof.
5. Denied as to costs, fees, expenses and attorney fees and Plaintiff is left to his proof thereof.
6. Denied as to Religious Freedom Restoration Act and Plaintiff is left to his proof thereof.

**III. Facts**

7. Denied.
8. Denied.
9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

**IV. A. <u>First Cause of Action</u>**

20. Paragraphs 1-19 are incorporated by reference as if set forth fully herein.

21. Denied.

**B. <u>Second Cause of Action</u>**

22. Paragraphs 1-21 are incorporated by reference as if set forth fully herein.

23. Denied.

**C. <u>Third Cause of Action</u>**

24. Paragraphs 1-23 are incorporated by reference as if set forth fully herein.

25. Denied.

**D. <u>Fourth Cause of Action</u>**

26. Paragraphs 1-25 are incorporated by reference as if set forth fully herein.

27. Denied.

**E. <u>Fifth Cause of Action</u>**

28. Paragraphs 1-27 are incorporated by reference as if set forth fully herein.

29. Denied.

30. Denied.

**Sixth Cause of Action**

31. Paragraphs 1-30 are incorporated by reference as if set forth fully herein.

32. Denied.

**Seventh Cause of Action**

33. Paragraphs 1-32 are incorporated by reference as if set forth fully herein.

34. Denied.

WHEREFORE, Defendants respectfully request the denial of Plaintiff's Prayer for Relief; that this civil action be denied and dismissed with prejudice; and such other and further relief as justice may require.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

This Court lacks jurisdiction over the counts and claims alleged against Defendants.

**Second Affirmative Defense**

Plaintiff has failed to exhaust his administrative, RI DOC grievance remedies.

**Third Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against Defendants.

**Fourth Affirmative Defense**

Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

**Fifth Affirmative Defense**

Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

**Sixth Affirmative Defense**

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff, if in fact any such duties were owed.

**Seventh Affirmative Defense**

Plaintiff does not allege any facts that would support a viable claim against Defendants under the U.S. Constitution and/or 42 U.S.C. § 1983. Plaintiff does not state any claim against Defendants cognizable in Federal Court.

**Eighth Affirmative Defense**

Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

**Ninth Affirmative Defense**

Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity from suit.

**Tenth Affirmative Defense**

Defendants have discretionary immunity from the counts and claims in this civil action.

**Eleventh Affirmative Defense**

The acts or omissions of Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law.

**Twelfth Affirmative Defense**

The acts or omissions of Defendants do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

**Thirteenth Affirmative Defense**

Defendants assert any and all applicable statute of limitations defenses.

**Fourteenth Affirmative Defense**

Defendants assert that Plaintiff caused and/or contributed to the alleged injuries or damages complained of and, therefore, Defendants pleads the doctrine of comparative and/or contributory negligence.

**Fifteenth Affirmative Defense**

Defendants assert any and all applicable defenses of assumption of the risk.

**Sixteenth Affirmative Defense**

Plaintiff is not entitled to monetary damages under Federal or State law.

**Seventeenth Affirmative Defense**

Plaintiff is not entitled to punitive damages under Federal or State law.

**Eighteenth Affirmative Defense**

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

WHEREFORE, Defendants respectfully request the denial of Plaintiff's Prayer for Relief; that this civil action be denied and dismissed with prejudice; and such other and further relief as justice may require.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing Answer to Amended Complaint by first class mail, postage prepaid, on this 6th day of June, 2006 to the following:

**Thaddeus Taylor, *pro se***
353 Elm Street
Windsor Locks, CT 06096

Melissa L DiFonzo