UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
JUL 03 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff, : C.A. No. 05-501 S

v. :

CORRECTIONAL OFFICER WOODS, ETAL Defendants.

JUNE 29, 2006

# PLAINTIFF'S OBJECTION TO DEFENDANTS' EMERGENCY MOTION TO DISMISS, OR IN THE ALTERNATIVE EMERGENCY MOTION TO COMPEL ATTENDANCE FOR DEPOSITION

The Plaintiff Thaddeus Taylor, in his pro se Capacity, in the above Captioned matter respectfully files his 'objections' to the Defendants' EMERGENCY MOTION TO DISMISS OR the ALTERNATIVE EMERGENCY MOTION TO COMPEL ATTENDANCE FOR DEPOSITIONS--- Filed on or About June 27, 2006.. Received by Plaintiff on June 29, 2006.

Specifically, the Plaintiff objects to the facts and manner inwhich the defendants submits their motion in the form of an Emergency MOTION"... because of the close of Discovery dated July 10, 2006[1]

[1] The Plaintiff also filed a Motion to Compel the Defendants to Immediately produce documents requests and Answer Interrogatories however, the Court returned the pleading stating that additional copies be made The plaintiff have resubmitted such. However the defendants answered stating they will Comply by July 6, 2006.. Thus, it would appear that a New scheduling order should be order closing Discovery on August 10, 2006; rather than July 10, 2006.

First, the Plaintiff respectfully submits that the Motion should be denied to Dismiss this case.. because the defendants failed to seek permission from the Court to depose the Plaintiff -- who is under the control of the Connecticut Department of Correction for all practical matters .. the Plaintiff, even if he wanted to could not leave the State of Connecticut.. without the permission of the Connecticut Department of Corrections and/or their representatives.. the Defendant's Attorney ThomasA. Palombo, a prosecutor, should very much know this.. thus, could not have reasonably expected the Plaintiff to travel to Rhode Island, in violation of his "parole" "release" condition in both Federal and State Corrections Rules.

More importantly, the defendants claims to the Court they sent Certified mail to the plaintiff on June 14, 2006 is misspoken-lacks truth - the plaintiff never received this certified mailed it was returned apparently.. However, on or about June 20, 2006 the plaintiff did receive a copy of a "notice" that was mailed to the Court from the defendants... of the deposition and immediately sent the defendants a letter via regular U.S. mail -- explaining that he could not attend the June 27, 2006 Deposition.. and that a Court order pursuant to the F.R.Civ.P was

necessary because he was still under CT-DOC Custody and Control... Attorney Thomas A. Palombo failed to respond back, nor did he ever attempt to telephonically contact the plaintiff at anytime prior to filing the instant motion.. despite, the fact the plaintiff gave him his home telephone number (860) 292-8711..

The plaintiff further never agreed to be deposed on June 27, 2006.. and would be hard pressed to get to Rhode Island for such deposition (even if the Court ordered such). and permission was given by CT-- Department of Correction officials... However, this does not mean the plaintiff refused to be deposed and waived proper notice and sufficient time to prepare for such.. as the defendants motion now ask for.

Because, the defendants' motions are not filed in good faith.. nor have they fully complied to all the provisions of the Federal Civil Procedures Rules; ensured that timely notice of such was received by the plaintiff. and because they failed to simply "telephonically" contact the plaintiff in this regard the Court should not grant the motion (The defendant-Attorney Katherine Kelly, did telephonically contact the plaintiff about another matter..)

The Plaintiff, further requests that

the Court direct the defendants to setup a 'deposition' in this matter at a Law office; Court Reporter office for Federal Case(s) in "Hartford, CT." this would be better for the Plaintiff.. and avoid extensive planning, costs etc... to the plaintiff. The defendants have access to more resources than the plaintiff. The plaintiff also moves for a new closing date for Discovery to allow Discovery, deposition to be complete as well.. for all parties August 10, 2006.

Where fore it is so Moved.

Respectfully Submitted,

[signature]

Thaddeus Taylor
353 Elm Street
Windsor Locks, CT 06096
(860) 292-8711

ORAL Argument Request
TESTIMONY Requested

## Certificate of Service

I Certify that a copy of this motion was mailed to Attorney Thomas A. Palombo, Attorney General office, 150 South Main Street Providence, RI 02903 on this June 29, 2006 postage Prepaid.

[signature] pro se
Thaddeus Taylor
Plaintiff