UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR,**
**Plaintiff,**

**v.** **C.A. No. 05-501 S**

**CORRECTIONAL OFFICER WOODS, CORRECTIONAL OFFICER OLIVER LT. WILIAM GALLIGAN, LT. DOYLE, CAPTAIN A. ANDERSON, DEPUTY WARDEN DONNA COLLINS, WARDEN JAMES WEEDEN, AARON ALDRICH, DIRECTOR ASHBEL T. WALL, ATTORNEY PATRICIA A. COYNE-FAGUE, ATTORNEY KATHLEEN KELLY, JAKE GADSDEN, ASSISTANT DIRECTOR, CORRECTIONAL OFFICER PIERCE, CORRECTIONAL OFFICER BLAIN, CORRECTIONAL OFFICER CALISE, RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, COMMISSIONER THERSA LANTZ, LYNN MILLINGS, DENNIS JONES, JOHN DOES**
**Defendants.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

## INTRODUCTION

Now come Defendants and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propound this Request for Production of Documents to Plaintiff, Thaddeus Taylor concerning the Amended Complaint ("Complaint") in this civil action. Within thirty (30) days after service of this Request, Defendants ask that Plaintiff make the documents available for inspection and copying at the Rhode Island Department of Attorney General, 150 South Main Street, Providence, R.I. 02903, or that Plaintiff mail copies of the documents to said address.

When responding to this Request for Production of Documents, you are requested to respond in writing and state as to each of the requests:

(i) That there are such documents and that they will be produced;

(ii) That there are such documents but you refuse to produce them because of a claim of privilege or for some other reason; or

(iii) That there are no such documents as requested by the particular request.

As to each document you are producing, please identify it by production request number, description (e.g., memo., letter, report, handwritten note, etc.), date, author, recipient(s), number of pages and subject matter.

As to each document you are withholding from production, please identify it by description (e.g., memo., letter, report, handwritten note, etc.), date, author, recipient(s), number of pages and subject matter, and state the basis for its non-production.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below unless specifically indicated:

A. "Document" means any kind of written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, film, audio or video tapes, electronic facsimile, computer storage device, or any other media, or any kind or description, whether sent or received or neither, including, without limitation: originals, copies (with or without notes or changes therein) and drafts including, without limitation: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, newspaper accounts, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other

records kept by electronic, photographic or mechanical means, and things similar to the foregoing however denominated by Defendant, in the possession, custody or control of Defendant or any officer, employee, consultant, agent or counsel of or for the Defendant.

In the event that any document called for by this Request has been destroyed or discarded, that document is to be identified as follows:

(i) Each addressor and addressee;

(ii) Each indicated or blind copy;

(iii) The document's date, subject matter, number of pages and attachments or appendices;

(iv) All persons to whom the document was distributed, shown or explained;

(v) Its date of destruction or discard, manner of destruction or discard, and reason for discard or destruction; and

(iv) The person who authorized such destruction or discard.

B. "You" or "Your" shall refer to the named Plaintiff producing the documents requested, and all agents and representatives and all other persons acting on behalf of or who have purported to act on behalf of the named Plaintiff.

C. Words in the singular include the plural, and words in the plural include the singular.

D. "State" shall mean the State of Rhode Island and Providence Plantations.

E. Words in the past tense include the present tense, words in the present tense include the past tense.

F. "And" and "or" are both conjunctive and disjunctive.

## INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 26(e), this Request shall be deemed continuing. Any supplemental and/or additional response shall be served seasonably, but not later than thirty (30) days after such information is obtained.

## PRIVILEGES

If any document is withheld under claim of privilege, furnish a list identifying each document including each and every ground for which the privilege is claimed, together with the following information: date, sender, recipient, type (e.g., letter, memorandum, telegram, chart, photograph, etc.), subject matter of the document, the basis on which privilege is claimed, and the paragraph or paragraphs of this Request to which the documents responds.

## DOCUMENTS REQUESTED

1. Any and all documents that evidence, demonstrate or support the allegations and claims of race discrimination as set forth in your Complaint.

2. Any and all documents that evidence, demonstrate or support the allegations and claims of cruel and unusual punishment as set forth in your Complaint.

3. Any and all documents that evidence, demonstrate or support the allegations and claims of discrimination against African-American and minority inmates and/or preferential treatment for white inmates as set forth in your Complaint.

4. Any and all documents that evidence, demonstrate or support the allegations and claims of deprivation of access to the courts as set forth in your Complaint.

5. Any and all documents that evidence, demonstrate or support the allegations and claims of deprivation of the right to practice religious faith as set forth in your Complaint.

6. Any and all documents that evidence, demonstrate or support the allegations and claims of retaliation, harassment, threats and punishment for exercising your right to file formal complaints and/or grievances as set forth in your Complaint.

7. Any and all documents that evidence, demonstrate or support the allegations and claims of hazardous living conditions and/or buildings as set forth in your Complaint.

8. Other than as produced in Requests No. 1-7 above, any and all documents that evidence, demonstrate or support the allegations and claims as set forth in your Complaint.

9. Any and all documents or tangible things identified or referred to in Plaintiff's answer to any Interrogatory served by Defendants.

10. Any and all photos, videos and the like, whether still, moving, day in the life, etc., that evidence, demonstrate or support the allegations and claims as set forth in your Complaint and/or your condition, injury, damage or loss as alleged in the Complaint.

11. Any and all documents or tangible things, including medical records or reports, that evidence, demonstrate or support the allegations or claims as set forth in your Complaint.

12. Any and all RI DOC grievances and/or administrative complaints filed by you that concern or relate to the allegations and claims as set forth in the Complaint and any and all responses to said grievances and/or administrative complaints.

13. Any and all correspondence, letters, notes or the like from you to any RI DOC official or employee that concern or relate to the acts or omissions alleged in the Complaint.

14. Any and all written requests for medical attention, care or treatment that you submitted to any doctor, nurse, officer, employee or representative of RI DOC that concern or relate to the allegations and claims as set forth in the Complaint.

15. Any and all documents, including, but not limited to letters or memos, between you or your representative(s) and these Defendants or their representative(s), which concern or relate to the allegations and claims as set forth in the Complaint.

16. Any and all documents or tangible things that you allege gave or should have given these Defendants knowledge, constructive or actual, of the allegations as set forth in the Complaint.

17. A true and accurate copy of your criminal history or BCI record, or a signed release for Defendants to obtain your criminal history or BCI record.

18. Any and all documents or tangible things that you have received from any expert witness that you or your representative(s) has engaged or consulted with or that you shall call or may call at the trial in this civil action.

19. A current curriculum vitae or resume from any expert witness that you or your representative(s) has engaged or consulted with or that you shall call or may call at the trial in this civil action.

20. Any and all documents or tangible things that you shall introduce or may introduce at the trial in this civil action.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

## CERTIFICATION

I hereby certify that I mailed a true copy of this Request for Production of Documents by first class mail, postage prepaid, on this 6th day of June, 2006 to the following:

**Thaddeus Taylor,** ***pro se***
353 Elm Street
Windsor Locks, CT 06096