UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR

v.  C.A. No. 05-501 S

CORRECTIONAL OFFICER WOODS,
et al.

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the "Emergency Motion to Dismiss" filed by the defendants due to the plaintiff's failure to attend his deposition noticed for June 27, 2006 at 10 A.M. Plaintiff has objected to the motion. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). For the reasons that follow, I recommend that the defendants' motion to dismiss be denied.

### Discussion

Plaintiff commenced this action by filing a Complaint on December 1, 2005. The Court thereafter entered a Pretrial Order setting the discovery closure date of July 10, 2006, with dispositive motion due on or before August 10, 2006. On June 8, 2006 the defendants served a Notice on the plaintiff indicating that his deposition would occur on June 27, 2006 at 10 A.M. at the Rhode Island Department of the Attorney General. Plaintiff, however, did not attend. Accordingly, defendants' filed the instant

1

motion to dismiss. Plaintiff has objected.

In his objection, plaintiff indicates that the defendants were required to get Court permission for the deposition to occur, pursuant to Fed.R.Civ. 30(a)(2), since he is on parole and has limitations on his movements. Plaintiff is mistaken. Fed.R.Civ.P. 30(a)(2) provides that leave of Court shall be sought if the person to be examined "is confined in prison." Fed.R.Civ.P. 30(a)(2). Plaintiff is not confined in prison. While he may have certain restrictions on his movements (i.e. his ability to leave Connecticut), plaintiff should have made arrangements before the scheduled deposition with Connecticut officials to travel to Rhode Island. Moreover, if Connecticut officials were reluctant to allow the plaintiff to travel to Rhode Island, plaintiff should have filed a motion in this Court seeking judicial assistance.

Notwithstanding plaintiff's paltry excuse for not attending his scheduled deposition, this Court, at this time, will not recommend dismissal. Dismissal appears premature. However, contemporaneous with this Report and Recommendation, I am issuing an Order directing the plaintiff to attend his deposition at the Rhode Island Department of the Attorney General, on or before July 25, 2006. If plaintiff fails to attend the newly scheduled deposition, defendants may re-file the motion to dismiss and/or any other motion that they deem appropriate.

## Conclusion

For the reasons stated above, I recommend that the defendants' motion to dismiss be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
July 13, 2006