UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : C.A. No. 05-501 S

v. :

CORRECTIONAL OFFICER WOODS, ETAL : July 30, 2006

# PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS COST FOR JUNE 27, 2006 Deposition

The Plaintiff Thaddeus Taylor, in the above Captioned Matter files this OBJection and Appeal to the United STATES District Court to over rule (inpart) the magistrate Judge's ORDER/Report and Recommendation granting the defendant's Cost of a June 27, 2006 deposition.. that did not occur. Specifically, the Magistrate Judge, without Conducting any evidentiary to establish the fact(s).. simply granted the defendants request for Costs for a June 27, 2006 deposition that the Plaintiff did not attend.

First, the plaintiff argue that the Magistrate Judge incorrectly or

to establish for fact the plaintiff did receive notice of the June 27, 2006 Deposition in a timely manner.. and as prescribed by the Rules of Civil procedures. In fact, the plaintiff stated he did not receive any Certified Mail from the defendant(s) in this regard; nor did he receive notice via regular mail.. The only time the plaintiff became aware of such deposition Request was approximately 5 days before the scheduled deposition. The plaintiff also appeal the Magistrate Judge ruling that the "plaintiff" is not currently "Confined" or under such Conditions that are tantamount to such by being on 'Connecticut Parole'. Moreover, because of the short timeframe the plaintiff became aware of such (via motion to Dismiss/Compel) there was no way could he arrange to go to Rhode Island on June 27, 2006, nor did he have sufficient time to get permission to leave the state from Connecticut prison officials and the Federal probation officers. It would have violated the plaintiff's Parole and Supervised Release, if he would have attended the June 27, 2006 deposition without

express written permission from both STATE And Federal Parole/ Supervised Release officers.

Furthermore, the Federal Rules of Civil procedures requires that at least reasonable time/notice is given to the parties, so that they could prepare. The Magistrate Judge failed to require the defendants to show proof that the plaintiff received notice via 'Certified Mail' as the defendant's Attorney Thomas A. Palombo represented to the Magistrate Judge (Apparently, this Certified mail was returned back to the defendants, however they intentional failed to advise the Court to this subsequent developement)

Although on July 24 2006, the deposition was held in this Matter -- and the Magistrate Judge issued a written order -- to which was provided and necessary inorder for the plaintiff to be allowed to travel to Rhode Island -- the plaintiff, now objects and Appeal to the United STATES District Judge -- and Request that the Magistrate Judge's findings be vacated; and that No Costs be charged to the Plaintiff for the June 27, 2006 Deposition whereas proper notice was not given -- and It was impossible for the Plaintiff to leave the State without permission

Wherefore it is so moved.

Respectfully Submitted,

Thaddeus Taylor pro se
Thaddeus Taylor
353 Elm Street
Windsor Locks, CT 06096
Email Address Thaddeuspopeye@yahoo.com

Certification of Service

I certify that a copy of this motion was mailed to the defendants on this 30th day of July 2006 postage prepaid to AAG Thomas Palombo, 150 South Main Street, Providence, RI 02903.

Thaddeus Taylor pro se
Thaddeus Taylor