UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, *pro se*

v.                                              C.A. No. 05 - 501 S

CORRECTIONAL OFFICER WOODS, et al.

### Memorandum and Order

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the motion of the defendants for attorney's fees and costs (Dckt # 46) pursuant to Fed. R. Civ. P. 37(d). Plaintiff has objected to the motion. This matter has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Defendants' motion is hereby **GRANTED**.

### Facts

In December 2005, Plaintiff Thaddeus Taylor, a former Connecticut inmate once housed at the Rhode Island Department of Corrections ("RI DOC"), filed a *pro se* Complaint naming as defendants numerous officials and employees at the RI DOC. After the filing of the Complaint, plaintiff was released from custody and currently resides, on parole, in Connecticut.

On June 8, 2006, the defendants mailed by certified mail and by regular mail to the plaintiff's address in Connecticut a Notice of Deposition ("Notice"), indicating that plaintiff's deposition would commence on June 27, 2006 at 10 A.M. at the Rhode Island

1

Department of the Attorney General. Plaintiff indicates that he did not receive the Notice sent via certified mail. Plaintiff indicates that the Notice sent via certified mail was returned to the defendants as unserved. How the plaintiff knows this is unclear.

However, plaintiff admits that he did in fact receive the Notice via regular mail on June 20, 2006. See Plaintiff's Objection to Defendants' Emergency Motion to Dismiss, or in the Alternative, Emergency Motion to Compel Attendance for Deposition, Dckt # 41, p. 2. Nonetheless, plaintiff choose not to attend the deposition.

The defendants thereafter filed an Emergency Motion to Dismiss, or, in the alternative, an Emergency Motion to Compel the Deposition. The Court denied the motion to dismiss, granted the motion to compel, and invited the defendants to file a motion for reimbursement for their costs and attorney's fees associated with the June 27, 2006 deposition. Defendants accepted the Court's invitation and filed the instant motion. Plaintiff has objected thereto.

## Discussion

Rule 37(d) of the Federal Rules of Civil Procedure provides, in part:

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of

2

> subdivision (b)(2) of this rule. ... [T]he court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees,....

Fed. R. Civ. P. 37(d).

Plaintiff objects to the motion, arguing that he did not receive adequate notice of the deposition. As mentioned, plaintiff's own filings belie this assertion.

Defendants mailed the Notice via certified mail and regular mail. Plaintiff indicated that the Notice sent via certified mail was returned to the defendants as unserved. However, plaintiff admits that he received the Notice via regular mail on June 20, 2006. Thus, taking as true plaintiff's assertions that he received the Notice on June 20, 2006, I find that the plaintiff had sufficient time to make arrangements to attend the deposition. Thus, I reject plaintiff's assertion that he did not receive timely notice.

More importantly, even assuming *arguendo* that seven days notice was an insufficient amount of time for the plaintiff to make arrangements to attend his deposition, plaintiff should have filed a motion to re-schedule the deposition, or quite simply, telephoned the defendants' attorney. He did not. Rather, plaintiff indicates that, at some unknown time after he received the Notice, he mailed defense counsel a letter indicating that he would not attend the deposition. Plaintiff has not presented the Court with a copy of the letter, nor is there any evidence that defense counsel received

3

the letter before the scheduled deposition on June 27, 2006.

Here, the *pro se* plaintiff did not attend his scheduled deposition, despite the fact that he had ample notice. Moreover, plaintiff permitted defense counsel to needlessly prepare and incur costs for a deposition that plaintiff knew he would not be attending. Accordingly, an award of attorney's fees and costs are in order for the defendants pursuant to Fed. R. Civ. P. 37(d).

To that end, the defendants submitted time sheets for attorney's fees for 3.9 hours at a proposed rate of $250.00 per hour. Additionally, defendants have submitted an invoice from the court reporting service which demonstrates the defendants were charged $127.10 for the costs of the stenographer. The total amount requested by the defendants is $1102.10. Plaintiff objects, asserting that the fees and costs submitted are excessive. I agree, in part.

First, Plaintiff contends that $127.10 fee for the stenographer is excessive considering that no deposition occurred. I reject plaintiff's assertion out of hand. The fees charged by the stenographer are what they are, and more importantly, properly documented by the defendants.

Next, plaintiff asserts that $250 per hour for Attorney Palombo's services is also excessive. An affidavit submitted in support of the motion for attorney's fees indicates that Attorney Palombo has been an attorney for seventeen years and has been

4

employed at the Rhode Island Department of the Attorney General since 1991. While this writer does not quarrel with Attorney Palombo's qualifications, I find that awarding $250 per hour to be excessive in this case. No evidence has been presented which demonstrates the actual hourly rate that the State of Rhode Island pays Attorney Palombo. The Court will not reimburse expenses not actually incurred.

While this Court will not countenance plaintiff's disobedience to the Rules of Civil Procedure, it equally will not provide a windfall for the defendants. Therefore, this Court finds that a flat fee award of $250.00 as attorney's fees is appropriate here. This will serve as a sufficient deterrent for the plaintiff to abide by the Rules of Procedure and is sufficient to compensate the defendants for their inconvenience.

Finally, plaintiff objects to the attorney's fees and costs being paid directly to Attorney Palombo. Indeed, Attorney Palombo agrees with the plaintiff that the costs and fees associated with this motion should be paid to his employer, the State of Rhode Island. This Court also agrees.

Accordingly, this Court **GRANTS** the defendants' motion for attorney's fees and costs. Defendants will be awarded their attorney's fees in the amount of $250.00 and costs in the amount of $127.10.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

(1) Defendants' Motion for Attorney's Fees and Costs is **GRANTED.**

(2) Plaintiff Thaddeus Taylor shall reimburse the **STATE OF RHODE ISLAND** the sum of **$377.10**.

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
~~August~~ Sept. 5, 2006