UNITED STATES DISTRICT COURT
RHODE ISLAND, DISTRICT OF

THADDEUS TAYLOR : C.A. 05-501 S

v. :

CORRECTIONAL OFFICER : SEPTEMBER 8, 2006
WOODS, ETAL :

## PLAINTIFF'S APPEAL TO U.S. DISTRICT Judge OF THE MAGISTRATE Judge DECISION TO GRANT DEFENDANTS COSTS

The Plaintiff Thaddeus Taylor, in the above Captioned matter Now respectfully Appeal to the U.S. District Judge, to overturn the Magistrate Judge decision to grant the defendants' Cost(s) as punishment against the prose plaintiff for his inability to attend a deposition on Ju. . The magistrate without establishing any factual aspects of this matter... unfairly, put the burden upon the pro se plaintiff to attend a deposition inwhich he did not receive 'proper notice'... and simply could not attend. The Magistrate Judge, further failed to inquire with the defendants -- whether the plaintiff actually received Any "Certified MAIL" as he stated to the Court.

The Magistrate Judge also improperly found that a week notice was reasonable... inorder for the Prose Plaintiff, who is on both Federal and State parole or Supervised Release.. and must receive written permission to leave the 'State of Connecticut' to attend a deposition, that was not Court ordered; nor timely served upon the plaintiff. The Federal Rules of Civil Procedures requires that the defendants provide Reasonable Notice in advance of any deposition... time, date and location One week notice, for a plaintiff that is out of state.. certainly is not reasonable. The Magistrate Judge also unfairly, put all the burden upon the prose plaintiff.. in contacting the defendants attorney.. but failed to ask the defendants Attorney, who have vast resources, whether he attempted to telephonically contact the plaintiff to verify if he's intending on appearing at the deposition; whether he E-mailed the Plaintiff or what other actions he took once he realized that his 'Certified Mail' notice was 'returned to sender'... based upon these facts The Magistrate Judge abuse his discretion in this

The plaintiff respectfully submits that the defendants' Attorney Thomas Palombo did not attempt to contact by any of the means that was provided to him-- he further stated that he don't "email" people. The Magistrate Judge also failed to conduct an adequate record of the facts-- and basically took the defendants' words over the plaintiff-- to which is a pattern of bias the plaintiff believes the magistrate have against him. 1. For example, the Magistrate Judge did not even request to see the transcript that was allegedly made to verify it was related to this matter, nor did he request proof of "certified mail" return receipt-- or the payment of any fees to the court reporter "Receipt". Because, the Magistrate Judge did not act fairly in deciding this matter the plaintiff request the court to overturn the decision and deny cost at this time based upon the fact(s)-- and the defendants' own actions that cause the plaintiff inability to be at the first deposition (He did attend the second when proper notice was given and a court order issued).

Respectfully Submitted
[signature]
Thaddeus Taylor
353 [illegible] Street
Windsor Locks, CT 06096

Certificate of Service

I certify that a copy of this motion was mailed to Attorney Thomas Palombo, 150 South Main Street, Providence, RI 02903 on the 5th Sept. 2006.

 [signature]