UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR

v.                                                      C.A. No. 05 - 501 S

CORRECTIONAL OFFICER WOODS,
et al.

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the Motion to Dismiss filed by the defendants pursuant to Fed. R. Civ. P. 37(b) due to the plaintiff's failure to comply with an Order compelling him to answer to interrogatories and produce documents. Plaintiff has objected thereto. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the defendants' motion to dismiss be **GRANTED**.

#### Background

Plaintiff commenced this action by filing a Complaint on December 1, 2005. The Court thereafter entered a Pretrial Order setting the discovery closure date of July 10, 2006, with dispositive motion due on or before August 10, 2006. On June 6,

1

2006, the defendants served on the plaintiff a Request for Production of Documents and Interrogatories (hereinafter collectively referred to as "discovery requests"). See Dckt # 43-2 (Interrogatories) and Dckt # 43-3 (Request for the Production of Documents). Defendants' discovery requests were rather routine, seeking out the factual bases for the instant litigation and the witnesses and documents upon which the plaintiff relies to support his claims. Plaintiff, however, failed to respond to the defendants' discovery requests.

On July 10, 2006, defendants filed an "Emergency Motion to Compel" a response to the discovery requests and simultaneously filed a Motion to Dismiss based on plaintiff's failure to respond to the discovery requests. Thereafter, I issued an Order, granting the defendants' motion to compel on July 31, 2006. See Order, dated July 31, 2006, Dckt # 49. In the Order, I gave the plaintiff ten days to comply. Plaintiff appealed this Order to U.S. District Judge Smith. Plaintiff's appeal was denied.

With respect to the Motion to Dismiss, I recommended that the Motion be denied at that time, to provide the plaintiff with the benefit of some judicial guidance. See Report and Recommendation dated August 15, 2006, Dckt # 69 ("R&R"). However, the Court cautioned the plaintiff, noting that if he failed to comply with Order, "defendants may re-file the motion to dismiss." See id. at 2. The District Court adopted the R&R on September 6, 2006.

2

On August 3, 2006, plaintiff responded to the discovery requests as follows:

> 1. <u>Request for Production of Documents</u>: Objects to All. Defendants possess all documents; request meant to harass the pro se plaintiff.
>
> 2. <u>Interrogatories and Requests</u>: Objects to All further questions(as asked and answered all questions at Court ordered Deposition on July 24, 2006). Defendants['] Motion designed to harass pro se plaintiff.

<u>See</u> Defendants' Exhibit B, Dckt # 71-3. With plaintiff's response in hand, defendants have now moved to dismiss pursuant to Fed. R. Civ. P. 37(b), contending that plaintiff's response violated the Court Order. Plaintiff has objected thereto.

### Discussion

Fed. R. Civ. P. 37(b)(2) provides, in pertinent part: "If a party ... fails to obey an order to provide ... discovery ... the court in which the action is pending may make such orders in regard to the failure as are just ...." Fed. R. Civ. P. 37(b)(2). Among the sanctions authorized is an "order striking out pleadings or parts thereof ... or dismissing the action..." Fed. R. Civ. P. 37(b)(2); <u>see also</u> <u>Angulo-Alvarez v. Aponte de la Torre</u>, 170 F.3d 246, 251 (1st Cir. 1999). However, "dismissal with prejudice is a harsh sanction which runs counter to our strong policy favoring the disposition of cases on the merits." <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10 (1st Cir. 1991)(internal quotes omitted).

Nevertheless, "the law is well established in this circuit that where a noncompliant litigant has manifested a disregard for

3

orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Angulo-Alvarez, 170 F.3d at 252; Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("Disobedience of court orders is inimical to the orderly administration of justice and, in itself, can constitute extreme misconduct."). When noncompliance with an order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in effort to fit the punishment to the severity of and circumstances of the violation." Young, 330 F.3d at 81.

Here, the defendants challenge the plaintiff's response to the Court's Order, granting the motion to compel. See Dckt # 49. Defendants contend that the plaintiff did not comply with the Order because he did not provide any substantive responses. Plaintiff, on the other hand, indicates in his objection that he did comply, since the Order only directed him to provide a response.

I find plaintiff's response wholly deficient. Plaintiff did not comply the Order, nor is he complying with the Federal Rules of Civil Procedure or the Local Rules of this Court. See Fed. R. Civ. P. 33 & 34; LR Cv. 33 & 34. Defendants are entitled to know that factual bases underlying plaintiff's numerous claims and the witnesses and documents that plaintiff relies upon to substantiate those claims. Plaintiff appears, by his actions here, to be stone-

walling the defendants. The Federal Rules prohibit such conduct, and so too does this Court.

Moreover, plaintiff's *pro se* status does not provide a basis on which to excuse the noncompliance. See <u>Instituto de Educacion Universal Corp., v. United States Dep't of Education</u>, 209 F.3d 18, 24 n.4 (1st Cir. 2000); <u>Eagle Eye Fishing Corp. V. U.S. Dep't of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994)("the right of self representation is not a license not to comply with relevant rules of procedure and substantive law")(internal quotes omitted).

Next, the Court considers the prejudice to the defendants as a result of plaintiff's noncompliance with the Court's Order. Plaintiff has refused to provide any substantive answers to the interrogatories propounded nor has produced one document requested. Defendants initiated the discovery request on June 6, 2006, prior to his scheduled deposition. Plaintiff, however, did not produce the documents or respond to the interrogatories prior to his deposition. Thus, defendants were denied those materials as his deposition.

Moreover, the prejudice continues. Plaintiff continues to stone-wall the defendants and still has not provided them with any information regarding the nature of this claims, the witness he relies upon, or any other documents or exhibits which substantiate, in whole or in part, his claims. The Federal Rules of Civil Procedure prevent trial by ambush, and so does this Court.

5

Considering that the plaintiff continues to refuse to participate in the discovery process, and has violated this Court's Order, I recommend that the District Court dismiss this action in its entirety with prejudice.

## Conclusion

For the reasons stated above, I recommend that the defendants' motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_/s/ Jacob Hagopian_
Jacob Hagopian
Senior United States Magistrate Judge
Date: 28 Sep 06