UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR**

v.   C.A. No. 05 - 501 S

**CORRECTIONAL OFFICER WOODS,**
et al.

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the motion of the plaintiff for a default judgement against "the state of Connecticut defendants" due to their failure to file an Answer in this lawsuit. See Dckt # 62. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). For the reasons that follow, I recommend that the plaintiff's motion for a default judgement be denied.

### Discussion

Plaintiff commenced this action by filing a Complaint on December 1, 2005. In his Complaint, plaintiff named as defendants numerous official and employees at the Rhode Island Department of Corrections (collectively "Rhode Island defendants"). In addition, plaintiff also named as defendants the State of Connecticut, the Connecticut Department of Corrections, and officials and/or employees of the Connecticut Department of Corrections

1

(collectively "Connecticut defendants").

The Rhode Island defendants thereafter waived service, and eventually filed an Answer. The Connecticut defendants did not. The Connecticut defendants did not waive service, nor have they filed any pleadings or motions in this case. Additionally, the Connecticut defendants have not been properly served in this matter. Nonetheless, plaintiff filed the instant motion for default judgement against the Connecticut defendants due to their alleged failure to Answer or otherwise respond to the Complaint.

Here, plaintiff's motion for a default judgement, pursuant to Fed. R. Civ. P. 55(b), against the Connecticut defendants is improper. Plaintiff may not seek a default *judgement* against the Connecticut defendants due to their failure to respond to the Complaint since there has been no *entry* of default as to any of the Connecticut defendants. The entry of default, pursuant to Fed.R.Civ. P. 55(a), is a prerequisite for the entry of judgment upon that default, pursuant to Fed.R.Civ.P. 55(b). See e.g. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996)("After defendant's default has been entered, plaintiff may apply for judgment based upon that default."); Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n.11 (2nd Cir. 1995)(noting the distinction between entry of default and entry of default judgment); Dahl v. Kanawha Investment Holding Co., 161 F.R.D. 673 (N.D. Iowa 1995)(commenting that the entry of default is the first of two

steps prior to the entry of a default judgment). Thus, plaintiff's motion is improper and should be denied on that basis. I so recommend.

Furthermore, assuming *arguendo* plaintiff filed the instant motion as one for an entry of default, pursuant to Fed.R.Civ.P. 55(a), plaintiff's motion should be denied. It is axiomatic that defendants be properly served with process before a default may be entered. Maryland State Firemen's Association v. Chaves, 166 F.R.D. 353(D.Md. 1996). Here, Plaintiff has failed to secure proper service on any of the Connecticut defendants.

### Conclusion

Accordingly, for the reasons stated above, I recommend that the plaintiff's motion for a default judgement be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: 23 Oct 2006